UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PETER GREER, | : | |
| | : | Civil Action No. 16-3705 (KSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

Petitioner Peter Greer has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, attacking a sentence imposed by this Court for bank robbery in *United States v. Greer*, No. 14-cr-0589 (D.N.J. filed Mar. 13, 2013) ("Crim. Dkt."). At this time, this Court must screen the motion for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(a). It appearing:

1. In the motion, Greer raises two grounds for relief: (1) this Court erred during sentencing by failing to properly assess the factors under 18 U.S.C. § 3553(a) in imposing an 87-month sentence against him; and (2) counsel was ineffective in raising the relevant § 3553(a) factors at sentencing, and in failing to file a notice of appeal. ECF No. 1 at 4-5. However, the record shows that Greer waived his rights to raise these claims on a § 2255 motion.

2. In Greer's plea agreement, he specifically agreed that:

    [T]he defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collaterally attack arises under 18

>U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding this waiver provision, the parties reserve any right they may have under 18 U.S.C. § 3742 to challenge any aspect of the sentence that *falls outside of any applicable statutory minimum or maximum term* of imprisonment, term of supervised release, or fine. The parties also reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's *determination of the criminal history category*.

Crim. Dkt., ECF No. 24 at 8 (emphasis added). As the italicized portions make clear, those are the only challenges Greer reserved under the plea agreement; all other rights to appeal or collateral attack were waived.

3. The Third Circuit has held repeatedly that waivers of rights to appeal and collateral attack are permissible under the constitution. "Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008). "[W]aivers of appeal, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States. v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). The kind of standard waiver provision in Greer's plea agreement has been routinely upheld by courts in this district and by the Third Circuit. *See United States v. Fazio*, 795 F.3d 421, 452 (3d Cir. 2015); *Mabry*, 536 F.3d at 238-39; *Wilson*, 429 F.3d at 458; *Gevers v. United States*, No. 12-1541, 2015 WL 337468, at *3-5 (D.N.J. Jan. 23, 2015); *Smith v. United States*, No. 10-2769, 2011 WL 2671515, at *4-7 (D.N.J. July 8, 2011).

4. Here, during sentencing, Greer conceded that he was subject, under the Sentencing Guidelines, to an offense level of 25 and a criminal history category of III, which equated to a sentencing range of 70 to 87 months. Crim. Dkt., ECF No. 31 at 5, 24. This Court ultimately sentenced him to the maximum sentence under the Guidelines, without increasing his offense level or his criminal history category. *Id.* at 36. While it may be the maximum sentence under the

Guidelines, it was still *within* the Guidelines—the Court did not impose a sentence outside of the applicable statutory minimum or maximum, or, for that matter, outside the applicable Guidelines minimum or maximum. Furthermore, Greer's challenges, that the Court erred in assessing the § 3553(a) factors and counsel was inadequate in raising them, are not challenges to his criminal history category. Therefore, his challenges do not raise claims that were specifically reserved under the plea agreement, and are deemed waived.

5. With regard to Greer's assertion that counsel was ineffective because she did not file a notice of appeal, that claim has also been waived by the plea agreement. As the *Mabry* court explained:

> While a defendant may be entitled to habeas relief if his attorney ineffectively fails to file a requested appeal because it is presumed to be prejudicial . . . , if that same defendant has effectively waived his right to habeas, he cannot even bring such a claim unless the waiver fails to pass muster under an entirely different test: one that examines its knowing and voluntary nature and asks whether its enforcement would work a miscarriage of justice.

536 F.3d at 241. Here, Greer does not challenge the knowing and voluntary nature of his plea agreement, so his ineffective assistance of counsel claim has also been waived. As such, the Court must dismiss the motion because it plainly appears from the motion and the record of the prior proceedings that Greer is not entitled to relief.

6. Last, the Court denies a certificate of appealability ("COA"). The Antiterrorism and Effective Death Penalty Act of 1996 provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

        s/ Katharine S. Hayden
        Katharine S. Hayden, U.S.D.J.

Date:  August 3, 2016